10-3920-ag
Kadria v. Holder

BIA
A078 280 103

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand eleven.

PRESENT:
 RALPH K. WINTER,
 REENA RAGGI,
 SUSAN L. CARNEY,
  *Circuit Judges.*

_____

LAHIM KADRIA,
  *Petitioner,*

 v.                                    10-3920-ag
                                       NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:     Michael P. Diraimondo, Melville, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel; Theodore C. Hirt, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lahim Kadria, a native and citizen of Albania, seeks review of the September 21, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Lahim Kadria*, No. A078 280 103 (B.I.A. Sept. 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of Kadria's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The BIA did not abuse its discretion in denying Kadria's motion to reopen as untimely, as he filed it more than seven years after the BIA's order upholding an immigration judge's underlying merits decision. 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that a motion to reopen must be filed within 90 days of the final administrative decision); 8 C.F.R. § 1003.2(c)(2) (same). Although the time limitation does not apply to a motion to reopen seeking to apply for asylum "based on changed circumstances arising

2

in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), substantial evidence supports the BIA's finding that Kadria did not demonstrate a change in country conditions in Albania. The evidence submitted indicated a continuation, from the time of Kadria's initial application to the time of his motion to reopen, of political violence and divisiveness between the Socialist Party and the Democratic Party, as well as the election of the Democratic Party to power. Because the evidence did not document any current harm to Democratic Party supporters, let alone an increase in such harm since the time of Kadria's hearing in 2001, the BIA reasonably concluded that Kadria had not demonstrated a material change in conditions. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the agency explicitly considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the agency's factual findings under the substantial evidence standard). There is no indication that the BIA

3

failed to consider any evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4